IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

   v.  :  Criminal No. DKC 12-624

SEAN VITHIDKUL  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this criminal forfeiture proceeding is the motion to strike or, in the alternative, to permit discovery filed by the Government. (ECF No. 272). For the following reasons, the Government's motion will be granted in part.

## I. Background

A federal grand jury in the United States District Court for the District of Maryland returned an indictment charging multiple individuals, including Sean Vithidkul ("Vithidkul"), with conspiracy to distribute a controlled substance and money laundering conspiracy. (ECF No. 1). On December 11, 2012, the Government obtained a search and seizure warrant for 307 Irwin Street, Silver Spring, Maryland, which is Vithidkul's residence. The Government states that "[p]resent during the execution of the search warrant were Sean Vithidkul, Derek Vithidkul, Chooi

Wan Kong, and Amanda Vithidkul." (ECF No. 272, at 1). The search led, *inter alia*, to the seizure of $57,275 in U.S. currency.

On May 30, 2013, Vithidkul pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). (ECF No. 143). The undersigned sentenced Vithidkul to sixty-six (66) months in prison on August 12, 2013. (ECF No. 216). On August 7, 2013, the Government filed a motion for forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), which was entered on August 12, 2013. (ECF Nos. 215 & 216-1). The forfeiture order covers the following items: (1) $57,275; (2) Maxtor Hard Drive; (3) Western Digital Hard Drive; (4) T-Mobile cellular phone; (5) Samsung cell phone; (6) Kingston thumb drive; (7) Nokia cellular phone; (8) Coolpix digital camera; (9) compact disks, DVDs, diskettes; (10) Ipod; (11) Apple Iphone A1332; (12) Apple Iphone A1241; (13) Blackberry pearl cellular phone; (14) Blackberry 9700; and (15) Dell Inspiron E1405 Laptop. (ECF No. 215, at 2).

On January 24, 2014, the court received third-party petitions from Chooi Wan Kong (ECF No. 265), Amanda Vithidkul (ECF No. 267), and Derek Vithidkul (ECF No. 268), asserting

interest in some of the seized currency and assets.[1]
Specifically, Chooi Wan Kong, Vithidkul's mother, submits a
letter stating a claim to $4,000. (ECF No. 264). She avers
that this money "was obtained through previous employment and
not by ill-gotten means." (*Id.*). To support her claim, she
submits ten (10) pages of bank statements showing bank
withdrawals in various amounts. Amanda Vithidkul, Vithidkul's
sister, submits a claim for $9,400 of currency and a Nikon
digital camera. Amanda Vithidkul similarly states that the
money and camera were obtained through previous employment.
(ECF No. 266). She also submits seventy-two (72) pages of bank
statements reflecting deposits and withdrawals in various
amounts from Capital One Bank. (ECF No. 266-1). She submits no
documentation to show her interest in the Nikon digital camera.
Finally, Derek Vithidkul submits a claim for $7,000 of currency,
a Samsung Galaxy cell phone, and a Dell inspiron laptop. (ECF
No. 268). He also avers that these items were obtained "through
previous employment and not by ill-gotten means." (*Id.*).
Although Derek Vithidkul submits a receipt for the purchase of
the Samsung Galaxy cellular phone (ECF No. 268-1, at 1-2), he

---

[1] Notice of the preliminary order of forfeiture is provided after conviction or a guilty plea, at which time third parties may file a petition under Section 853(n) asserting their claims to the property. *See* 21 U.S.C. § 853(n); Fed.R.Crim.P. 32.2(c). On January 8, 2014, the Government provided direct notice to the three claimants here. (*See* ECF No. 272-3).

does not include any information to show his interest in the Dell inspiron laptop; the remaining documents he includes are bank statements reflecting deposits and withdrawals.

## II. Analysis

In a criminal forfeiture action, the property is subject to forfeiture pursuant to 21 U.S.C. § 853. Third parties may seek to have their interest in forfeited property adjudicated under 21 U.S.C. § 853(n). Following the entry of an order of forfeiture pursuant to Section 853, a third party asserting an interest in forfeited property may petition the court for a hearing to adjudicate the validity of the alleged interest in the property. Section 853(n)(3) sets forth what must be included in the verified petition:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." *Id.* § 853(n)(4). "Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." *United States v. Pegg*, 1998 WL

4

34309460 (M.D.Ga. Nov. 25, 1998); *United States v. BCCI Holdings (Luxembourg), S.A.*, 916 F.Supp. 31, 36 (D.D.C. 1996) (noting that if a petitioner fails to allege in the petition all elements necessary for recovery, including those necessary for standing, the court may dismiss the petition without a hearing).

The plain language of Section 853(n)(3) clearly requires more than what the three claimants have alleged. See, *e.g.*, *United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at (S.D.Fla. July 30, 2007) ("[c]onsistent with § 853(n)(3), a claimant of some interest in property must do more than state that interest in a conclusory fashion"). All three claimants aver that the forfeited currency and assets in which they assert respective interests were obtained through previous employment. But as the Government argues, the claimants have not provided any additional facts supporting their claims, or any information to explain their right, title, and interest in the forfeited property nor the time and circumstances surrounding their acquisitions. (ECF No. 272, at 2); *United States v. Hailey*, 924 F.Supp.2d 648, 658 (D.Md. 2013) ("Mrs. Hailey has not adequately stated the nature of the interest that she claims in the property. She claims that several assets derive from her employment, but she does not specify what that employment is or whether it is connected with Mr. Hailey's offenses (thus, potentially making those assets subject to forfeiture)."). For

5

instance, Amanda Vithidkul asserts a right to the Nikon digital camera, but provides no facts to support her claim to this property.[2] Similarly, among other things, Derek Vithidkul submits a claim for a Dell Inspiron laptop, but does not include any specific information to explain his interest in this asset.[3] *See, e.g., United States v. German*, Criminal No. 04-50134-01, 2006 WL 1098896, at *2 (W.D.La. Apr. 21, 2006) (holding that claim that the subject property was obtained through lawfully acquired funds did not satisfy the filing requirements of Section 853(n)(3)). The Government contends that "the documents submitted by the claimants are outdated and irrelevant bank statements that do not demonstrate the cash withdrawals that would indicate the amount of cash recovered." (ECF No. 272, at 5). Accordingly, the Government avers that the assertions contained in all three petitions are insufficient to satisfy the standing requirement of Section 853(n)(3) and that a hearing to adjudicate the petitions is premature at this point.

---

[2] Presumably, Amanda Vithidkul refers to the "Coolpix digital camera," which is one of the items specified in the forfeiture order. (*See* ECF No. 215, at 2). The seventy-two (72) pages of bank records she submits as an exhibit to her petition do not clarify her claim either to the $9,400 in currency or the digital camera.

[3] Although Derek Vithidkul submits a receipt for a purchase of a Samsung Galaxy Nexus cellular phone (*see* ECF No. 268-1, at 1-2), he does not include any documentation to suggest his interest in the Dell laptop.

Alternatively, the Government requests that it be permitted to serve the claimants with appropriate discovery.

Fed.R.Crim.P. 32.2(c)(1)(B) allows the court to permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure before conducting a hearing on the petition "if the court determines that discovery is necessary or desirable to resolve factual issues." Each claimant's petition is devoid of factual details as to how they obtained possession of the respective currency and the seized assets, the person(s) from whom they received the currency and assets, the place of the receipt, and description of the transaction(s) which generated the currency or assets in which they assert property interests. *See, e.g., United states v. $134,750 U.S. Currency*, No. RWT 09cv1513, 2010 WL 1741359, at *3 (D.Md. Apr. 28, 2010) (finding claimant's response that "[t]he assets were taken out of my bank accounts by IRS" insufficient). Although the Government seeks to strike all three claims for lack of standing or, in the alternative, to permit discovery, first, each claimant will be directed to file amended petitions. As Judge Quarles reasoned in *Hailey*, 924 F.Supp.2d at 658, "[a]mendment [of the petition] will simplify the Court's inquiry at a hearing and will provide clearer guidance for what discovery is needed." Accordingly, Chooi Wan Kong, Amanda Vithidkul, and Derek Vithidkul will have twenty-one (21) days to file amended

petitions to explain fully the source of the funds sought and state their interest in each asset in which they claim property interest, including any other details necessary to meet the standards of 21 U.S.C. § 853.  If the claimants file amended petitions, the Government may thereafter file any authorized motion within ten (10) days and inform the court whether discovery is necessary before conducting a hearing on the petitions.

### III. Conclusion

For the foregoing reasons, the Government's motion will be granted in part.  A separate order will follow.

                                                 /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge