IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :
                             :
    v.                       :   Criminal No. DKC 12-624
                             :
SEAN VITHIDKUL               :
                             :
                             :

**MEMORANDUM OPINION**

The government has filed a motion to strike or, in the alternative, to permit discovery in this criminal forfeiture case. (ECF No. 290).[1] Also pending are three motions to seal amended petitions filed by Derek Vithidkul, Amanda Vithidkul, and Chooi Wan Kong. (ECF Nos. 284, 285, 286). Given the timing requirements of the governing law, it is not necessary to await any response. For the following reasons, the Government's motion for discovery will be granted. Further, counsel for the claimants will have seven (7) days to submit memoranda in support of the motions to seal and suggest redacted versions of the amended petitions to be released for the public record.

**I. Background**

On May 30, 2013, Sean Vithidkul pled guilty to one count of conspiracy to distribute and possess with intent to distribute

---

[1] Although the claimants were initially *pro se*, they are now represented by counsel.

100 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). (ECF No. 143). The undersigned sentenced Mr. Vithidkul to sixty-six (66) months in prison on August 12, 2013. (ECF No. 216). On August 7, 2013, the Government filed a motion for forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), which was entered on August 12, 2013. (ECF Nos. 215 & 216-1). The forfeiture order covers the following items: (1) $57,275; (2) Maxtor Hard Drive; (3) Western Digital Hard Drive; (4) T-Mobile cellular phone; (5) Samsung cell phone; (6) Kingston thumb drive; (7) Nokia cellular phone; (8) Coolpix digital camera; (9) compact disks, DVDs, diskettes; (10) Ipod; (11) Apple Iphone A1332; (12) Apple Iphone A1241; (13) Blackberry pearl cellular phone; (14) Blackberry 9700; and (15) Dell Inspiron E1405 Laptop. (ECF No. 215, at 2).

On January 24, 2014, the court received third-party petitions from Chooi Wan Kong (ECF No. 265), Amanda Vithidkul (ECF No. 267), and Derek Vithidkul (ECF No. 268), asserting interest in some of the seized currency and assets. Chooi Wan Kong, Mr. Vithidkul's mother, submitted a letter stating a claim to $4,000. (ECF No. 264). Amanda Vithidkul, Mr. Vithidkul's sister, submitted a claim for $9,400 of currency and a Nikon digital camera. Derek Vithidkul submitted a claim for $7,000 of currency, a Samsung Galaxy cell phone, and a Dell inspiron

2

laptop.  (ECF No. 268).  The Government moved to strike or, in the alternative, to permit discovery.  (ECF No. 272).  By memorandum opinion and order dated March 12, 2014, the undersigned granted in part the Government's motion.  (ECF Nos. 275 & 276).  The undersigned found claimants' petitions "devoid of factual details as to how they obtained possession of the respective currency and the seized assets, the person(s) from whom they received the currency and assets, the place of the receipt, and description of the transaction(s) which generated the currency or assets in which they assert property interests." (ECF No. 276, at 7).  Thus, the claimants were ordered to file amended verified petitions within twenty-one (21) days to comply with 21 U.S.C. § 853, and the Government was given ten (10) days from the date of the respective amended petitions to file any authorized motion and inform the court whether discovery is necessary before a hearing.

Derek Vithidkul, Amanda Vithidkul, and Chooi Wan Kong submitted amended petitions on April 2, 2014.  (ECF Nos. 280, 281, 282).  On April 14, 2014, the Government moved to strike or, in the alternative, to permit discovery.  (ECF No. 290). The claimants moved to seal their amended petitions in their entirety.  (ECF Nos. 284, 285, 286).

## II. Analysis

### A. The Government's Motion

In a criminal forfeiture action, property is subject to forfeiture pursuant to 21 U.S.C. § 853. Pursuant to 21 U.S.C. § 853(n)(2), a third party wishing to assert an interest in property subject to a preliminary order of criminal forfeiture must timely petition for adjudication of that interest. Section 853(n)(3) sets forth what must be included in the verified petition:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).

The Government argues that the amended petitions should be stricken for several reasons. First, the Government asserts that the amended petitions fail to comply with 21 U.S.C. § 853(n)(3) because none of the petitions are verified. (*See* ECF Nos. 280-2, at 2, 281-1, at 2, & 282-2, at 2). The Government acknowledges that the original petitions were signed under penalty of perjury as mandated by Section 853(n)(3), but correctly points out that the amended petitions are deficient

insofar as they are signed by the claimants, but not under penalty of perjury. Accordingly, claimants will have seven (7) days to cure this deficiency and resubmit their petitions, signed under penalty of perjury.

Next, the Government argues that the amended petitions still are "insufficiently particular" and fail to comply with Section 853. Derek Vithidkul claims entitlement to $7,000 of currency, a Samsung Galaxy cell phone, and a Dell inspiron laptop. In support of his claim for $7,000, Derek Vithidkul submits bank records which he believes "show a consistent pattern of withdrawals from approximately December 2007 to August 2011, and another withdrawal in August 2012, the last withdrawal immediately prior to the seizure of the funds in question." (ECF No. 280, at 4). Derek Vithidkul asserts that "[t]his pattern of withdrawals corresponds with Mr. Vithidkul's regular employment in his first job, which [he] began in May 2008." (*Id.*). Derek Vithidkul avers that he "simply desired half of [his] money at home and half of it in the bank. [He] did not want 100% of [his] money in any bank." (ECF No. 280-2, at 2). Amanda Vithidkul, who claims property rights to $9,400 of the seized currency, offers a similar affidavit. She also submits bank records from September 2008 to November 2012, and states that "there is a period of 20 months (March 2011 to November 2012) where [she] made at least one cash withdrawal per

month." (ECF No. 281-1, at 2). Amanda Vithidkul further avers that she started withdrawing money as soon as she started her first job in January 2011. As the Government points out, neither claimant identifies their employer or income. *See, e.g., United States v. Hailey*, 924 F.Supp.2d 648 (D.Md. 2013) (finding insufficient claims that several assets derive from claimant's employment, without specifying the employment or whether it is connected with defendant's offenses). In support of their money claims, Derek and Amanda Vithidkul also submit signed documents from their relatives, Joanna Kong and Chooi L. Kong. Joanna Kong and Chooi Kong indicate that they each gave $1,200 to Derek and Amanda Vithidkul in cash gifts for holidays such as Chinese New Year, birthdays, and Christmas from January 2005 to November 2012. (*See* ECF Nos. 280-3, 280-4, 281-2, 281-3). Finally, the third claimant, Chooi Wan Kong, seeks $4,000, which she also asserts was earned through previous employment. Chooi Wan Kong similarly includes bank statements indicating withdrawals, and - unlike Amanda and Derek Vithidkul - she provides copies of W-2 statements from 2007, 2009, 2010, and 2012, which identify her employer and the amount of income earned. She recognizes, however, that the list of transactions she submits in support of her claim for $4,000 actually totals $3,680.

The Government argues that for all three amended petitions, "the documents submitted with the amended petitions are outdated and irrelevant bank statements that do not demonstrate that the cash withdrawals, for example *in 2007*, actually involve the cash that was found in a safe in Maryland in 2012." (ECF No. 290, at 7) (emphasis in original). The Government contends that "[j]ust because the petitioners at one point or another over the course of their lives may have had in their possession amounts of money roughly equaling the claimed funds does *not* establish any link – any temporal or locational nexus – with the seized funds." (*Id.*) (emphasis in original). As for the other items over which the claimants assert ownership - specifically Derek Vithidkul's claim to the Dell Inspiron laptop and Amanda Vithidkul's claim to the Nikon digital camera - the claimants again fail to provide any facts to support their claims to this property. For instance, Derek Vithidkul merely states that the "Dell Inspiron computer [] was taken from the floor of his bedroom when the assets were seized" and that this was "solely his property." (ECF No. 280, at 4). As for the Galaxy nexus cell phone, Derek Vithidkul provides two emails from "Google Play," which reflect that Galaxy Nexus HSPA+ was ordered on October 17, 2012 and was being shipped to Derek Vithidkul. (ECF No. 280-1). The Government points out that the documents do not state the identity of the purchaser, just that the phone would be shipped
7

to Derek Vithidkul. (ECF No. 290, at 9). The Government further argues that:

> [t]here is no indication that the receipt is for the seized telephone, as opposed to any other one of the common type of phone. Nor, in the absence of any allegation, much less factual support, that Derek Vithidkul paid for the seized phone, was the subscriber for the seized phone, or paid the monthly service bills for the seized phone, has Derek Vithidkul stated a claim upon which relief can be granted under § 853(n).

(*Id.* at 10). The Government argues that the claims should be stricken because they still lack the level of specificity required under Section 853(n). Alternatively, the Government requests that it be permitted to serve the claimants with appropriate discovery.

Permitting discovery is the more appropriate course at this stage of the proceedings. Fed.R.Crim.P. 32.2 states that before conducting a hearing on a third-party petition in an ancillary forfeiture proceeding, "the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." Fed.R.Crim.P. 32.2(c)(1)(B).[2] The Government contends that the claimants have

---

[2] Rule 32.2 was adopted to supplement the statutory scheme for determining third-party claims, as "[e]xperience has shown that ancillary hearings can involve issues of enormous complexity that require years to resolve" and "[i]n such cases, procedures akin to those available under the Federal Rules of

not provided sufficient information about their claims. It appears that there are factual issues to be resolved, including but not limited to: the source of funds to Derek and Amanda Vithidkul; the basis of Derek Vithidkul's ownership of the Galaxy nexus cell phone and Dell Inspiron laptop and Amanda Vithidkul's claim to the Nikon digital camera; and clarification of Chooi Wan Kong's claim to $4,000 (given that the list of transactions she submits total $3,680). The Government requests that it be allowed to serve the claimants with appropriate discovery, including interrogatories, requests for production of documents, and requests for admission. (ECF No. 290, at 11). It is desirable that evidence on the factual issues be disclosed via discovery before a hearing. *See Hailey*, 924 F.Supp.2d at 659 (permitting the parties to conduct discovery before holding an ancillary hearing in a criminal forfeiture case); *United States v. Bailey*, Criminal No. 1:11cr10, 2011 WL 2414231, at *2 (W.D.N.C. June 10, 2011) (allowing the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure for sixty days). Accordingly, the Government's motion will be granted to the extent it requests discovery.

### B. Claimants' Motions to Seal

---

Civil Procedure should be available to the court and the parties to aid in the efficient resolution of the claims." Fed.R.Crim.P. 32.2(c) advisory committee's note; *see also United States v. Salti*, 579 F.3d 656, 662 n.4 (6th Cir. 2009).

Claimants filed three identical motions to seal pursuant to Fed.R.Crim.P. 49.1(d). The court is authorized to seal documents filed in a criminal case. *See* Rule 49.1(d) ("The court may order that a filing be made under seal without redaction [and] may later unseal the filing[.]"). Rule 49.1(d) further states that "[t]he court may later unseal the filing *or* order the person who made the filing to file a redacted version for the public record." (emphasis added). Here, claimants seek to seal in their entirety the amended petitions in support of their claims for seized assets and related attachments. Claimants' counsel states that "[t]he aforementioned materials contain, in whole or in part, identifying information, dates of birth, financial account numbers, and home addresses of the Petitioner and/or other affiants." (ECF No. 286, at 1). Although, as the Government points out, some of the documents included as exhibits to the amended petitions contain personally identifying information, it is improper to keep the amended petitions under seal in their entirety. For instance, Defendants' counsel does not provide any reason for sealing the memoranda in support of the amended petitions. Accordingly, counsel for the three claimants will have seven (7) days to file memoranda in support of the motions to seal, proposing appropriate redactions to the amended petitions and including copies of the documents in redacted form.

## III. Conclusion

For the foregoing reasons, the Government's motion will be granted in part. Derek Vithidkul, Amanda Vithidkul, and Chooi Wan Kong will have seven (7) days to submit verified petitions signed under penalty of perjury. Counsel for claimants will have seven (7) days to submit memoranda in support of the motions to seal, suggesting appropriate redactions to the verified amended petitions. The parties will then have sixty (60) days from the date of the verified petitions to engage in discovery in accordance with the Federal Rules of Civil Procedure. When discovery ends, the parties will have seven (7) days to submit a joint status report indicating whether they plan to file any dispositive motions.[3] A separate order will follow.

                                                    /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[3] Fed.R.Crim.P. 32.2(c)(1)(B) states that "[w]hen discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56."